UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARITY PHILLIPS,**

    Plaintiff,

v.                                                                                    Case No.: 8:16-cv-2227-T-35AAS

**VERIZON COMMUNICATIONS, INC.,
TAMPA POLICE DEPARTMENT,** and
**INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Affidavit of Indigency (Doc. 2), which the Court construes as a motion for leave to proceed *in forma pauperis.*[1]

**I.  Legal Standard**

The Court, upon a finding of indigency, may authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915. After reviewing the affidavit of indigency to determine the economic status of the litigant, the Court must review the case and dismiss it *sua sponte* if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Martinez v. Kristi Cleaners, Inc.,* 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

---

[1] The motion has been referred to the undersigned for disposition or a Report and Recommendation (Doc. 2). *See* 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

1

**II.     Analysis**

On August 3, 2016, the Court deferred ruling on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) pending Plaintiff's filing of an amended complaint that states a cognizable claim (Doc. 5).

In lieu of filing an amended complaint as directed by the Court (Doc. 5), Plaintiff filed an "Argument Addressing Court Order" (Doc. 8).[2]  The undersigned has considered Plaintiff's filing and concludes that Plaintiff's Complaint (Doc. 1) is subject to dismissal because it fails to state a federal claim that is plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted).  The Court will address each of the five (5) claims brought in Plaintiff's Complaint (Doc. 1).

**A.     Claims I and II- Title VII of the 1964 Civil Rights Act**

In Claims I and II, Plaintiff is attempting to bring an action against her former employer Verizon Communications, Inc. ("Verizon") for gender discrimination in violation of Title VII of the 1964 Civil Rights Act.  (Doc. 1, pp. 6-7).  To successfully plead a claim under Title VII, Plaintiff must carry the initial burden under the statute of establishing a *prima facie* case of discrimination.[3]  *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).

To state a hostile work environment claim, Plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working

---

[2] Essentially, Plaintiff reiterates the allegations made in her complaint.  (Doc. 8).

[3] It appears from the allegations set forth in Plaintiff's Complaint that she has complied with the prerequisites to filing suit under Title VII.  (Doc. 1, ¶ 3); *see* 42 U.S.C. § 2000e-5(f)(1); *Wakefield v. Cordis Corp.,* 211 Fed. App'x. 834, 836 (11th Cir. 2006).

2

environment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). This requires Plaintiff to show (1) she belongs to a protected class; (2) she was subject to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such an environment under either a theory of vicarious or direct liability. *Id.*

To state a claim for Title VII retaliation, Plaintiff must show that (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse employment action; and (3) there was a causal link between the two. *Butler v. Ala. Dep't of Transp.,* 536 F.3d 1209, 1212 (11th Cir. 2008).

Under Title VII, claims of hostile work conditions and/or retaliation must be related to being a member protected class. Here, while Plaintiff is a woman and thus a member of a protected class, her experiences were not gender related. Indeed, the only specific references to gender were alleged comments made by co-workers about plus size women and "women with 'big butts.'"[4] (Doc. 1, ¶ 7). These allegations, even if considered harassment to which Plaintiff was subjected, are not sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment. In addition, Plaintiff has not alleged there was a link between her termination and gender. For these reasons, Plaintiff fails to state claims under Title VII, and Claims I and II are due to be dismissed.

---

[4] In Plaintiff's Argument Addressing Court Order (Doc. 8), Plaintiff re-alleges that "comments regarding plus size woman, pornography, and women with big butts were made on *several* occasions …" In addition, Plaintiff references "threats made to and about the Plaintiff, such as 'kill yourself or we'll do it for you,' and the 'woman who wanted to kill herself as a result of finding out her significant other was watching gay porn.'" (Doc. 8, p. 3).

### B. Claim III- Conspiracy to Interfere with Civil Rights

Claim III is brought against Verizon and the Tampa Police Department for conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985(3). (Doc. 1, p. 7). To state a claim for relief under 42 U.S.C. § 1985(3), a plaintiff must allege facts showing: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627-28 (11th Cir. 1992) (citing *United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 828-29 (1983)). "[T]he second element requires a showing of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.*

Plaintiff has not offered any factual allegations that support the contention that Verizon and the Tampa Police Department were involved in a conspiracy to interfere with her civil rights- much less any purportedly gender-based discriminatory animus behind their actions. Consequently, the undersigned recommends Claim III be dismissed.

### C. Claim IV- Unfair Labor Practice

Plaintiff's claim here relates to an employee's rights to participate in or reject union representation under the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq*. (Doc. 1, p. 7). The National Labor Relations Act, § 7, 29 U.S.C. § 157 provides:

> Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected

4

> by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a)(3) of this title.[5]

Section 158 states that it shall be an unfair labor practice for an employer, or labor organization, to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157.  *See* 29 U.S.C. §§ 158(a)(1), 158(b)(1).

The Supreme Court has made clear that "[w]hen an activity is arguably subject to § 7 or § 8 of the [National Labor Relations Act], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board ...."  *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959).  This rule has been repeatedly reaffirmed.  *See, e.g., Farmer v. Carpenters*, 430 U.S. 290, 304 (1977); *Machinists v. Wisconsin Employment Relations Comm'n,* 427 U.S. 132, 138-139 (1976); *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 276 (1971).

"[T]he preemption of federal and state court jurisdiction over a particular class of cases depends 'upon the nature of the particular interests being assessed and the affect upon the administration of national labor policies of concurrent judicial and administrative remedies.'"  *Fulton v. Emerson Electric Co.,* 420 F.2d 527, 530 (5th Cir. 1969) (citing *Vaca v. Sipes*, 386 U.S. 171, 180 (1967)); *see also Cates v. Spencer Indus., Inc.,* No. C-82-204-G, 1983 WL 166816, at *3 (N.D. Ga. Feb. 18, 1983).  The entirety of the factual allegations with respect to this claim are as follows: "In the meeting Plaintiff was informed that being a member of the IBEW 824 was not optional.  Plaintiff was also advised that representation could not be refused. Defendant, Stokes and union representative continuously stated that Plaintiff could 'quit' if she did not want to be

---

[5] Section 158(a)(3) of Title 29 of the United States Code provides that it shall be an unlawful labor practice for an employer "by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization ..."

5

represented by IBEW 824." (Doc. 1, ¶ 26). Therefore, the interests contained in this lawsuit include the employee-employer relationships that are within the jurisdiction and competence of the National Labor Relations Board. *See Cates,* 1983 WL 166816, at *3. For this reason, Claim IV is due to be dismissed.

### D. Claim V- Intentional Infliction of Emotional Distress

Intentional infliction of emotional distress is a claim brought under state law and this Court may only exercise supplemental jurisdiction on state law claims when brought in addition to a valid federal claim that is so related that they form part of the same case or controversy. 28 U.S.C. § 1367(a). As there is no valid federal claim, this Court should decline to exercise subject matter jurisdiction over Plaintiff's state law claim of intentional infliction of emotional distress. 28 U.S.C. § 1367(c)(3). Accordingly, the cause of action under Claim V is due to be dismissed for lack of subject matter jurisidction.

### C. Conclusion

As Plaintiff has failed to satisfactorily allege facts that plausibly state federal claims upon which relief may be granted, it is **RECOMMENDED** that:

(1) Plaintiff's Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis (Doc. 2), construed as a motion for leave to proceed *in forma pauperis*, be **DENIED**; and

(2) Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to state a federal claim.

**Date: September 26th, 2016.**

_(signature)_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

Copies to:

*Pro Se* Party
District Judge