

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARITY L. PHILLIPS,

    Plaintiff,

v.                                                        Case No.: 8:16-cv-2227-T-35AAS

VERIZON COMMUNICATIONS, INC.,
TAMPA POLICE DEPARTMENT,
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS 824,

    Defendants,

_____/

## Objection to Report and Recommendation

The magistrate judge has recommended dismissal of Plaintiff's complaint based on the failure to "file an amended complaint that states a cognizable claim." The order requiring the filling of an amended complaint (Doc. 5) applied the wrong legal standard in addition to relying on facts not included in Plaintiff's complaint. In the magistrate's report and recommendation, (Doc. 9), she fails to apply the law in its entirety. Plaintiff therefore objects to the report and recommendation and asserts that the original complaint is in compliance with the Federal Rules of Civil Procedure.

I.     **Claims I and II: Title VII of the Civil Rights Act of 1964**

A hostile work environment claim is established upon demonstration that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems*, 114 S. Ct. 367. This requires the Plaintiff to show: (1) that she belongs to a protected group; (2) that she was subjected to unwelcome sexual harassment; (3) that the harassment was based on a protected characteristic of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or direct liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269 (11th Cir. 2002). In hostile work environment cases, the court must take into account the totality of circumstances. It "must consider the alleged

2

alleged conduct in context and cumulatively." *Mendoza v. Borden Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999).

In this case, the magistrate issued an order requiring an amended complaint; in doing so she misconstrues the facts and fails to apply a totality of circumstances approach. Specifically, she states, "[Plaintiff] offers no support for the contention that her experiences were gender related. Indeed, the only specific reference to gender was an alleged comment made in passing by a co-worker about plus size women and 'women with big butts.'" (Doc. 5 p. 4). Plaintiff filed a response to the magistrate's order, addressing the conclusion that this was merely a comment made in passing. Plaintiff pointed out that these sexual comments regarding plus size women, pornography, and women with big butts were made on *several* occasions—"too numerous to detail"—upon Plaintiff entering the training class. (Doc. 1, ¶ 7). After filing this response, the magistrate changed her position from the Plaintiff "offers no support for the contention that her experiences were gender related," to the conclusion that "her experiences were not gender related." (Doc. 9 p. 3). Whether or not these experiences were gender related is a question of fact for the jury to determine. Reasonable jurors will likely conclude—after weighing all of the evidence regarding the Defendant's pervasive sexual comments about women—that Plaintiff's experience was indeed gender related.

Further, in determining whether this behavior created an abusive working environment, the magistrate did not consider the threats made to and about the Plaintiff, such as "kill yourself or we'll do it for you," and the "woman who wanted to kill herself as a result of finding out her significant other was watching gay porn." (Doc. 1, ¶¶ 7-10).

3

Nor did she consider the other behavior alleged in the complaint that attributed to the creation of a hostile work environment. Fair-minded jurors will reasonably conclude that Plaintiff suffered severe and pervasive harassment sufficient to alter the terms or conditions of employment. Consequently, the magistrate has erred in recommending the dismissal of Claim 1 for failure to state a claim.

To establish a prima facie case of Title VII retaliation, the Plaintiff must show that (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse employment action; and (3) there was a causal link between the two. *Dixon v. The Hallmark Companies, Inc.*, 627 F.3d 849, 856 (11th Cir. 2010). Even if an employment practice is not statutorily unlawful, the Plaintiff can establish a prima facie case of Title VII retaliation if she shows she had a "good faith, reasonable belief that the employer was engaged in unlawful employment practices . . . . A Plaintiff must not only show that [s]he subjectively (that is, in good faith) believed that [her] employer was engaged in unlawful employment practices, but also that [her] belief was objectively reasonable in light of the facts and record presented." *Dixon v. The Hallmark Companies, Inc.*, 627 F.3d 849 (11th Cir. 2010) (quoting *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (1997)).

Here, the Plaintiff engaged in statutorily protected activity by opposing the discrimination, she was subjected to further ill treatment and ultimately discharged shortly after, as detailed in the original complaint. Not only did the Plaintiff have a good faith, reasonable belief that she was opposing unlawful behavior, that belief is reasonable in light of the circumstances. In recommending dismissal, the magistrate states, "Plaintiff

4

has not alleged there was a link between her termination and gender." (Doc. 9 p. 3). Although Plaintiff has in fact alleged this link (Doc. 1. ¶ 44), it is not necessary to establish a prima facie case of Title VII retaliation. Therefore, the magistrate has erred in recommending the dismissal of Claim II for failure to state a claim.

## II. Claim III: Conspiracy to Interfere with Civil Rights

To state a claim for relief pursuant to 42 U.S.C. § 1985(3) the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 103 S.Ct. 3352.

The magistrate recommends dismissal of Claim III for failure to offer "any factual allegations that support the contention that Verizon and the Tampa Police Department were involved in a conspiracy to interfere with her civil rights—much less any purportedly gender-based discriminatory animus behind their actions." (Doc. 9 p. 4). In the magistrates order requiring a revised complaint, she relies on facts expressly denied in Plaintiff's complaint. Plaintiff filed a response stating the following:

> Plaintiff did not lose her keys as concluded by the magistrate. Plaintiff's keys were stolen as part of the harassment. (Doc. 1 ¶¶ 12-18). It was agreed upon by and between Verizon, the Tampa Police Department, and others at present unknown to Plaintiff, that Officers Wieland and Baumgardner—acting in the conduct of their respective office—would harass and arrange to harass Plaintiff. As alleged in the complaint, Officer Wieland knew the exact location of Plaintiff's keys without speaking to any Verizon employee—information he could not have known unless given by another involved co-conspirator.

Prior to this incident, upon the officers' arrival, Officer Baumgardner proceeded to harass Plaintiff in the exact same manner in which she was harassed in the training class. She asked the Plaintiff if she was taking any medicine and immediately after Plaintiff's keys were given back to her she stated, "you need to see a doctor…I'm just trying to help you." This was an active attempt to cause the Plaintiff to question her sanity—for the purpose of driving her to insanity. Additional facts help to support this claim. It took the officers over an hour to arrive, so the Plaintiff called the non-emergency line for an ETA. The estimated time of arrival was the only thing discussed in the follow-up call. However, on the report from the Police Department it states among other things that Plaintiff "insisted" on an officer coming to her location. This is simply not true and the truth can easily be ascertained by listening to the call.

In the second instance the magistrate concludes that "an officer from the Police Department came to Verizon after Plaintiff was asked to leave the premises and failed to do so." (Doc. 5, p. 7). This is also incorrect; the Plaintiff never refused to leave. She was asked to leave once by the Defendant and promptly complied. It was the Plaintiff who called the non-emergency line. She only reappeared on the premises *after* she was advised that the officer was present. Upon arrival the officer was already filling out a "trespass warning."

After filing this response, the magistrate removed the mistaken facts from her analysis, however, without providing any explanation, concludes that the "Plaintiff has not offered any factual allegations that support the contention that Verizon and the Tampa Police Department were involved in a conspiracy to interfere with her civil rights—much less any purportedly gender-based discriminatory animus behind their actions." The magistrate concludes that Plaintiff's complaint is subject to dismissal because it fails to state a federal claim that is plausible on its face. *Citing Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an

6

entitlement to relief. *Id.* at 1950. It is the conclusory nature of the allegations rather than their nature that disentitles them to the presumption of truth. *Id.* at 1951. The court in *Iqbal* held that the allegations against the petitioners, given more likely explanations, do not plausibly establish the truth of the allegations. *Id.* at 1951.

In the instant case, the Plaintiff's allegations are nonconlusory, requiring the Court to assume their veracity. Moreover, there is no lawful alternative explanation for the harassment engaged in by the Defendants—thereby, distinguishing it from *Iqbal*. The original complaint properly alleges the acts and elements necessary to prove a conspiracy in accordance with 42 U.S.C. § 1985(3). Therefore, the magistrate has erred in recommending the dismissal of Claim III.

### III.    Claim V: Intentional Infliction of Severe Emotional Distress

To state a claim for Intention Infliction of Severe Emotional Distress under Florida law the Plaintiff must establish four elements: (1) "deliberate or reckless infliction of mental suffering, (2) outrageous conduct, (3) the conduct caused the emotional distress, and (4) the distress was severe." *Thomas v. Hospital Bd. of Directors of Lee County*, 41 So.3d 246, 256 (Fla. 2d DCA 2010). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Metropolitan Life Ins. Co. v. McCarson* 467 So.2d 277, 279.

In the magistrate's order requiring an amended complaint, she states "assuming that Plaintiff had and could bring a valid federal claim, the complaint as currently plead alleges no conduct on the part of Verizon, the Tampa Police Department, or the International Brotherhood of Electrical Workers that is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Doc. 5, p. 7).

In this case, the Defendants used several abusive methods to force the Plaintiff to commit suicide. One of those methods being "gas-lighting." The psychological definition of gas-lighting is "an increasing frequency of systematically withholding factual information from, and providing false information to the victim—having the gradual effect of making them anxious, confused and less able to trust their own memory and perception. It is an insidious form of emotional abuse and manipulation that is difficult to recover from." The fact that the Defendants used this method on the Plaintiff is included in the original complaint.

The Defendants also taunted Plaintiff with private details of her life, mocked and humiliated her by repeatedly calling her mentally unstable among other things, and threatened that if she didn't commit suicide they would "do it for [her]." Civilization has already deemed bullying as intolerable. However, when it rises to the level seen in this case—participated in by officers sworn to protect and serve—it is certain to provoke resentment in the average member of the community. It is without question that this type of behavior is shocking, disgraceful, and outrageous to any reasonable person.

In the magistrate's report and recommendation, she states, "[a]s there is no valid federal claim, this Court should decline to exercise subject matter jurisdiction over Plaintiff's state law claim of intentional infliction of emotional distress." (Doc. 9, p. 6).

Since the original complaint—which alleges facts that plausibly state federal claims upon which relief may be granted—is in compliance with the Federal Rules of Civil Procedure, the magistrate has erred in recommending the denial of Plaintiff's motion to proceed In Forma Pauperis and has erred in recommending the dismissal of Plaintiff's complaint for failure to state a federal claim.

Dated this 10th day of October, 2016

*Charity L. Phillips*
Charity L. Phillips
6150 Gulfport Blvd. S. Gulfport, FL
33707 Unit 312
(954) 644-2139